UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHLEEN BLANC, SANDY JONAS, KATHRYN VANN, JEANNIE DISNEY, ALISHA ANN MURPHY, AUTUMN PAULS, DEANNA C. BUTTRAM, DAWN M. JOHNSON, LONI M. SHIER, TAMMY A. MCMILLEN HOOVER, VIRGINIA GOODSON, KATHI L. WINN, and NORA A. HARRISON BARKEY, | Case No. 4:11-cv-00333-BLW |
| Plaintiffs, | ORDER |
| v. | |
| BRENT REINKE, WARDEN JIM WOOLF, LEEANNE HAMILTON, JEFF KIRKMAN, FELICIA FUNK, and JOHN AND JANE DOES 1-10, | |
| Defendants. | |

This prisoner civil rights case was assigned to United States Magistrate Judge

Ronald E. Bush, who conducted an initial review of the Plaintiffs' Complaint under 28

U.S.C. § 1915 and § 1915A. (Dkt. 9.) The case has since been reassigned to the

undersigned District Judge because not all parties have consented to a Magistrate Judge

conducting all proceedings. (Dkt. 15.)

Currently before the Court are (1) Plaintiff Nora Harrison Barkey's "Response to

Initial Review Order and Request #2 for Class Action Certification" (Dkt. 11), (2)

**ORDER - 1**

Plaintiffs Winn, Buttram, and Jonas's letters in response to the Initial Review Order (Dkt. 11-1, 11-2, 12), and (3) Plaintiffs Blanc and Goodson's motions for voluntary dismissal (Dkts. 10, 14).

## BACKGROUND

A group of prisoners at the Pocatello Women's Correctional Center (PWCC) started this lawsuit by jointly filing a Prisoner Civil Rights Complaint, in which they alleged that prison officials and employees have violated their constitutional rights and have contravened various federal criminal statutes. (Dkt. 3.) Plaintiffs also requested certification of a class action. (Dkt. 4.)

The case was assigned to Magistrate Judge Bush, who conducted an initial review of the Complaint as required by 28 U.S.C. § 1915 and § 1915A. (Dkt. 9.) Judge Bush determined that the Plaintiffs had failed to state a claim on which relief may be granted. In reaching that conclusion, he found that the claims "are vague and do not contain sufficient factual allegations for the Court to draw a plausible inference that Defendants are liable for the alleged misconduct." (Dkt. 9, p. 4.) Judge Bush further noted that, "[i]t is difficult for the Court to determine which Plaintiff is asserting which claim against which Defendant, and the personal participation of each Defendant in each alleged violation is unclear." (*Id*.)

To address these concerns, the Judge Bush instructed each Plaintiff who wished to proceed to file her own amended complaint, rather than to continue as joint plaintiffs in a single case, and to submit a new application to proceed in forma pauperis. (Dkt. 9, pp. 24-

25.) Judge Bush also set out the law for each potential legal claim and gave Plaintiffs specific instructions on how to draft amended complaints that are concise and that comply with Rule 8(a) of the Federal Rules of Civil Procedure. (*Id*.)

Plaintiff Barkey has since filed a "Response to Initial Review Order and Request #2 for Class Action Certification," challenging many of the conclusions and instructions in the Initial Review Order. (Dkt. 11.) Sandy Jonas and Deanna Buttram have submitted letters, attached to Barkey's Response, that outline what they perceive to be problems and issues at PWCC. (*Id*.) Kathi Winn has also filed a letter with the Court, apparently intending for the letter to serve as an amended complaint (Dkt. 12). Finally, Plaintiffs Blanc and Goodson seek their dismissal from the action, (Dkts. 10, 14), and no other Plaintiff has filed a response of any kind.

## DISCUSSION

The Court will first grant the requests of Plaintiffs' Blanc and Goodson for voluntary dismissal, and they will dismissed as parties to this action without prejudice.[1]

Next, Plaintiffs Vann, Disney, Murphy, Pauls, Johnson, Shier, and McMillen Hoover did not respond in any fashion to the Initial Review Order, and they will also be dismissed without prejudice to refiling new complaints at a later date. Therefore, of those

---

[1] The Court notes that Ms. Blanc filed an amended complaint, which was docketed by the Clerk of Court under a new case number, 4:11-cv-550-MHW, which has been dismissed at Ms. Blanc's request. (Case No. 4:11-cv-550-MHW at Dkts 8, 10.) She now asserts, however, that she wants to dismiss her claims only if counsel is not appointed to assist her and the other Plaintiffs. (Case No. 4:11-cv-333-BLW at Dkt. 14.) Because the Court will not appoint counsel at this juncture (or, rather, does not yet find good cause to seek pro bono counsel to represent Plaintiffs in this civil matter without pay), Ms. Blanc's request for dismissal under that condition will be honored.

ORDER - 3

Plaintiffs who signed or were added to the original Complaint, only Plaintiffs Barkey, Jonas, Buttram, and Winn remain.

The Court has independently reviewed the Complaint and agrees with the Magistrate Judge that it fails to state a claim on which relief may be granted. The Court concurs with the well-reasoned analysis in the Initial Review Order and adopts it here. The Complaint is written in a narrative form that touches on wide-ranging conditions at PWCC without alleging facts that show constitutional injuries or that link together specific Plaintiffs, Defendants, and claims. Ms. Barkey's Response to Initial Review Order continues this pattern, and Plaintiffs Jonas, Buttram, and Winn have submitted letters instead of properly completed amended complaints with case captions, named defendants tied to causes of action, and requests for relief. Only Barkey has filed a new Motion and Affidavit for Permission to Proceed on Partial Payment of Court Fees, but she did not include a statement of her prison trust account showing a balance for the previous six months. (Dkt. 13.)

In short, all of these filings are deficient. While claims for relief may lurk somewhere in the list of generalized grievances that have been offered to the Court, it is Plaintiffs' responsibility to articulate factual allegations in a clear and straightforward manner in a proper pleading so that the Court can complete its initial review responsibilities and Defendants are able to respond. Legal briefing, argument, and lengthy case citations are not necessary. Plaintiffs would be better served by complying with the Court's instructions rather than resisting them, and focusing on a few narrow issues is

**ORDER - 4**

often more productive than a scattershot approach that buries potentially meritorious claims with those that have no merit.

The Court will grant the remaining Plaintiffs one final opportunity to submit amended complaints that will then relate back to the original filing date of the Complaint. The Court concurs with the Magistrate Judge that it would be more efficient to require each Plaintiff to file her own amended complaint rather than to proceed as joint plaintiffs in a single case with potentially divergent claims and issues. Plaintiffs do not have a right to piggyback onto one application for in forma pauperis status – or to circumvent prison rules on the sharing of legal or other confidential material – by joining in one lawsuit. No Plaintiff will be prejudiced by proceeding individually, and each Plaintiff should write clearly on the first page of any amended complaint that the pleading relates to the filing of the Complaint in Case No. 4:11-cv-333-BLW. Ms. Barkey may file her amended complaint under the present case number, but all other amended complaints will receive a new case number. If it later appears that common issues of fact or law exist in more than one amended complaint, the Court may then re-evaluate whether consolidation might be warranted.

The Court understands that Plaintiffs wish to proceed as representatives in a class action lawsuit, but that issue is premature until a claim or claims for relief have been set forth in a proper pleading. In addition, if even a single plaintiff receives injunctive relief that results in policy changes that affect the prison population as a whole, all prisoners would benefit from those changes and a formal class action may not be necessary to

ORDER - 5

achieve the same result. *See, e.g., Giles v. Prattville*, 556 F.Supp. 612 (D. Ala. 1983);

*Chacon v. Zahorka*, 663 F.Supp. 90 (D. Colo. 1987). The Court expresses no opinion on

that matter at this time, and any Plaintiff may renew a motion for class certification when

the issue is ripe.

## ORDER

**IT IS ORDERED:**

1.    Nora Harrison Barkey's Application to Proceed In Forma Pauperis (Dkt.
      13) is DENIED without prejudice as deficient.

2.    At their request, Plaintiffs Kathleen Blanc and Virginia Goodson (Dkts. 10,
      14) are DISMISSED from this action without prejudice. Plaintiffs Kathryn
      Vann, Jeannie Disney, Alisha Ann Murphy, Autumn Pauls, Dawn M.
      Johnson, Loni M. Shier, and Tammy McMillen Hoover are also
      DISMISSED from this action without prejudice for failure to respond. The
      Clerk shall indicate on the Court's CM/ECF docket for this case that these
      Plaintiffs have been terminated from this case.

3.    The Clerk shall send copies of the most recent Prisoner Self-Help Packet for
      filing a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 to
      remaining Plaintiffs Nora Harrison Barkey, Sandy Jonas, Deanna Buttram,
      and Kathi Winn. Plaintiffs are encouraged to use this Packet.

4.    If Plaintiffs Barkey, Jonas, Buttram, or Winn wish to proceed, no later than
      30 days from the date of this Order they shall file separate amended

ORDER - 6

complaints and separate applications for in forma pauperis status (or pay the

$350 filing fee) that comply with the instructions in the September 9, 2011

Initial Review Order and in this Order. Plaintiff Barkey shall file her

amended complaint under this case number. The other Plaintiffs' amended

complaints will be assigned new case numbers, though Plaintiffs shall note

on the first page of their amended complaints that they relate back to the

Complaint filed in Case No. 4:11-cv-333-BLW. Any Plaintiff who does not

wish to pursue her case at this time shall file a notice of voluntary dismissal

no later than 30 days from the date of this Order.

5.      Failure to comply with this Order may result in dismissal without further

notice.

DATED:  **April 23, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge